**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:11-cr-00511-DCN |
| vs. ) | |
| ) | **ORDER** |
| JIAN-YUN DONG, a/k/a JOHN DONG; ) | |
| GENPHAR, INC.; and VAXIMA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on various post-trial motions filed by defendants Jian-Yun Dog, a/k/a John Dong ("Dong"), GenPhar, Inc. ("GenPhar"), and Vaxima, Inc. ("Vaxima") (collectively "defendants").

## I.  BACKGROUND

On April 16, 2013, a federal grand jury returned a thirty-four count Third Superseding Indictment ("Indictment") charging Dong, GenPhar, and Vaxima with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 by (1) presenting false, fictitious, or fraudulent claims to an agency of the United States in violation of 18 U.S.C. § 287; (2) stealing or improperly converting government funds to their own use in violation of 18 U.S.C. §§ 641 & 2; (3) stealing or improperly converting money from programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A); (4) using interstate wire communications in furtherance of the scheme in violation of 18 U.S.C. § 1343; and (5) making material false statements to federal agencies in violation of 18 U.S.C. § 1001.  Counts Two through Nine charged the defendants with eight counts of theft of government property in violation of 18 U.S.C. §§ 641 & 2, Counts Ten through Twelve charged three counts of theft from an organization receiving federal funds in

1

violation of 18 U.S.C. §§ 666(a)(1)(A) & 2, and Counts Thirteen through Thirty-four charged twenty-two counts of wire fraud in violation of 18 U.S.C. §§ 1343 & 2.

Defendants entered a plea of not guilty on October 30, 2012. Counts Two through Six and Eight through Twelve were dismissed by government motion on November 4, 2014. ECF No. 471. The first jury trial began on November 5, 2014 before United States District Judge C. Weston Houck. The jury failed to render a verdict on all counts against Dong. On November 14, 2014, the jury returned a verdict of guilty on most counts against GenPhar and Vaxima; however, the jury was unable to render a verdict on Count One against GenPhar and Vaxima and Count Sixteen against Vaxima.

On June 9, 2015, defendants filed a joint motion for a bench trial with waiver of right to a jury trial. On June 17, 2015, the court conducted a hearing on defendants' motions during which the court instructed defendants regarding their rights to a jury trial and their desire to waive that right. This court conducted a bench trial on June 22, 23, 24, and 25, 2015. On August 4, 2015, this court issued a verdict, finding Dong guilty of all counts, GenPhar guilty as to Count One, and Vaxima guilty as to Count One and Count Sixteen.[1]

On August 18, 2015, Dong filed a pro se motion for a new trial. That same day, Dong, Vaxima, and GenPhar filed a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), or alternatively, for a new trial pursuant to

---

[1] The parties did not request findings of fact and conclusions of law but rather requested that the court issue its verdict solely by way of a verdict form, as would a jury. See Fed. R. Crim. P. 23(c) ("In a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion.") (emphasis added). The court did, however, issue an order intended solely to provide informal insight into the court's thought process. The evidence cited within the order was not the sole evidence on which the court relied in issuing its verdict. Rather, the court engaged in an extensive analysis of the entirety of the evidence presented in reaching its decision but chose to note only a portion of the evidence in support of each count against the defendants. ECF Nos. 556, 557, & 558, Ex. 1.

Rule 33.[2] On August 19, 2015, Dong filed a second pro se motion for a new trial. Dong filed a second pro se motion for a judgment of acquittal or motion for a new trial on August 31, 2015, and an amended motion for a judgment of acquittal or motion for a new trial on September 2, 2015. The government responded to defendants' motions on September 3, 2015. On September 30, 2015, Dong filed a pro se motion for new trial based on newly discovered evidence and a reply to his prior motions. On September 30, 2015, October 18, 2015, and November 15, 2015, GenPhar and Vaxima filed motions to join in Dong's various pro se motions "in so far as they do not conflict with the interests of these two defendants."[3]

## II. STANDARD

### A. Rule 29(c)

Rule 29(c) provides that a court, on the motion of a defendant after a verdict of guilty, may "set aside the verdict and enter judgment of acquittal." Fed. R. Crim. P. 29(c). In considering a motion for judgment of acquittal, the court must decide "whether the evidence, viewed in the light most favorable to the prosecution, is such that the finder of fact might find the defendant guilty beyond a reasonable doubt." United States v. Wooten, 503 F.2d 65, 66 (4th Cir. 1974). In short, in a challenge to the sufficiency of the evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In determining the issue of substantial evidence, the court neither

---

[2] Dong's attorney also filed a motion to be relieved as counsel. ECF No. 563.
[3] Because defendants GenPhar and Vaxima joined in Dong's pro se motions to the extent that the arguments within do not conflict with their interests, the court will address Dong's arguments as they apply to all defendants generally. The court will refer to such arguments as "defendants'" arguments, even when made solely by Dong in his pro se motions.

weighs the evidence nor considers the credibility of witnesses.  United States v. Arrington, 719 F.2d 701 (4th Cir. 1983).

>   **B.**     **Rule 33**

Federal Rule of Criminal Procedure 33(a) permits a court, upon motion by a defendant, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33.  The Fourth Circuit has recognized that "[a] new trial is a drastic remedy intended for the rare case. United States v. Chin, 1999 WL 333137, at *1 (4th Cir.  May 26, 1999).  Indeed, the Fourth Circuit has "held that a district court should exercise its discretion to grant a new trial 'sparingly' and that the district court should grant a new trial based on the weight of the evidence 'only when the evidence weighs heavily against the verdict.'"  United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997) (quoting United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985)).  In ruling on a motion for a new trial, "[t]he district court should examine all the evidence introduced at trial and—unlike when ruling on a motion for acquittal—the court may evaluate for itself the credibility of witnesses." Chin, 1999 WL 333137, at *1 (citing Arrington, 757 F.2d at 1485).  The court may draw inferences unfavorable to the government from the evidence.  United States v. Campbell, 977 F.2d 854, 860 (4th Cir. 1992).

When considering a Rule 33 motion, a district court is owed "great deference" because it effectively sits as a "thirteenth juror." United States v. Wolff, 1989 WL 152513, at *8 (4th Cir. Dec.12, 1989).  "A trial judge's superior vantage point is nowhere more certain than in assessing the overall dynamics of a trial, including . . . the overall 'weight' of the evidence." Id. at *9.  However, the court should not carelessly substitute its judgment for that of the jury.  "A district court 'judge is not a thirteenth juror who may

4

set aside a verdict merely because he would have reached a different result.'" United States v. Rivera Rangel, 396 F.3d 476, 486 (1st Cir. 2005) (quoting United States v. Rothrock, 806 F.2d 318, 322 (1st Cir. 1986)). Only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment" should the court grant a motion for a new trial. Arrington, 757 F.2d at 1485.

### III.   DISCUSSION

In the numerous post-trial motions, defendants make various arguments, many of which simply request that the court re-weigh the evidence against them. To the extent that defendants argue that there is insufficient evidence to support the verdicts, the court directs defendants to its August 4, 2015 order in which the court extensively outlined the applicable law and overwhelming corresponding evidence as it relates to each count in the Indictment. Clearly, as the court found in issuing the verdicts, there is substantial evidence to establish defendants' guilt on all charges before the court. However, beyond defendants' arguments pertaining to the sufficiency of the evidence, the court will specifically address defendants' arguments below.

### A.   Newly Discovered Evidence

Defendants argue that they are entitled to an acquittal and/or a new trial based on newly discovered evidence. A defendant must demonstrate the following to receive a new trial based on newly discovered evidence: (1) the evidence is, in fact, newly discovered; (2) the defendant used due diligence to uncover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. United States v. Lofton,

233 F.3d 313, 318 (4th Cir. 2000). The defendant must meet all five factors in order to receive a new trial. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989).

Defendants cannot satisfy the aforementioned factors because the evidence is not newly discovered. In support of the motion for a new trial based on newly discovered evidence, Dong states the following: "New evidence arise [sic] during the trial but not followed up by the defense attorney that include the GMP facility is described in the proposal as testified by the Dr. Repik the Program Officer of NIH [sic], and Emails from Dr. Pratt confirmed that the Army requested the fund for experimental monkeys remained to be at GenPhar [sic] for additional work." ECF No. 572 at 1 (emphasis added). Dong further contends that "[n]ew evidence and testimony showed that Deputy Director for Grant Management, Dr. Norwood had been interviewed repeatedly and the last contact was right before trial." Id. at 2 (emphasis added). Copious grant documents and emails were produced prior to trial, and there is no evidence that any pertinent documents were withheld. Further, Dr. Repik and Dr. Pratt testified during the trial regarding the emails and grant documents.

It is clear that the "new evidence" cited in support of defendants' post-trial motions was revealed during the trial, evidenced by Dong's own statements. See ECF no. 572 at 1–2. Therefore, defendants are not entitled to a new trial based on newly discovered evidence. To the extent that defendants argue that their attorneys failed to sufficiently address the newly discovered evidence during trial or subpoena Dr. Norwood to testify in light of recent communications, these arguments will be analyzed within the ineffective assistance of counsel claim below.

### B.     Ineffective Assistance of Counsel

Defendants also contend that they are entitled to an acquittal and/or new trial based on ineffective assistance of counsel.  A defendant may request a new trial pursuant to Rule 33(b)(2) based on ineffective assistance of counsel.  See United States v. Russell, 221 F.3d 615, 619 (4th Cir. 2000); see also United States v. Smith, 62 F.3d 641, 648 (4th Cir. 1995).  When reviewing a motion for a new trial based on ineffective assistance of counsel, courts apply the familiar standard outlined in Strickland.  See Russell, 221 F.3d at 620 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  To that end, a defendant must satisfy the two-prong test outlined in Strickland:  a defendant must first show that that his counsel's performance "fell below an objective standard of reasonableness," and second, a defendant must also show that he was "prejudiced" by his counsel's errors; that is, the defendant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"  Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689).  The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the

claim is readily dismissed for lack of prejudice. Id. at 697. "A reasonable probability is a probability sufficient to undermine confidence in the outcome.' It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 131 S.Ct. 770, 787–88 (2011) (quoting Strickland, 466 U.S. at 687, 693–94).

### i.     Conflict of Interest

Dong's ineffective assistance of counsel arguments are principally based on his claim that trial counsel was acting under an actual conflict of interest.[4] "For a claim concerning a conflict of interest, 'a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" United States v. Okun, 2015 WL 6471172, at *8 (E.D. Va. Oct. 26, 2015) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). "When a petitioner premises his ineffective assistance claim on the existence of a conflict of interest, the claim is subjected to the specific standard spelled out in" Sullivan instead of that articulated in Strickland. United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007). The petitioner must demonstrate "(1) that his lawyer was under 'an actual conflict of interest' and (2) that this conflict 'adversely affected his lawyer's performance.'" Id. (quoting Sullivan, 446 U.S. at 348). "If the petitioner can show an actual conflict, and that it adversely affected his lawyer's performance, prejudice is presumed and there is no need to demonstrate a reasonable probability that, but for the lawyer's conflict of interest,

---

[4] During the trial, Rose Mary Parham represented Dong, but did not represent GenPhar or Vaxima. G. Wells Dickson, Jr. represented GenPhar and Vaxima, and there are no allegations of ineffective assistance of counsel or conflict of interest pertaining to his representation within the various post-trial motions.

8

the trial or sentencing outcome would have been different." Id. "[A]n adverse effect is not presumed from the existence of an actual conflict of interest." Id. "That said, [courts] assess each of the two prongs of the Sullivan test in turn, that is, (1) whether Dong's attorney had an actual conflict of interest, and (2) whether that conflict adversely affected her performance during the trial." Id.

To establish an actual conflict of interest, Dong "must show that [his] interests diverged with respect to a material factual or legal issue or to a course of action." Id. (quoting Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc)). Dong contends that trial counsel acted under an actual conflict of interest and collaborated with the government because she is married to a member of the United States Attorney's Office. However, the fact that defense counsel's husband works for the United States Attorney's Office is not an actual conflict of interest. Under American Bar Association ("ABA") Model Rule of Professional Conduct 1.7, "[a] concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Comment 11 to Rule 1.7 states:

> When lawyers representing different clients in the same matter or in substantially related matters are closely related by blood or marriage, there may be a significant risk that client confidences will be revealed and that the lawyer's family relationship will interfere with both loyalty and independent professional judgment. As a result, each client is entitled to know of the existence and implications of the relationship between the lawyers before the lawyer agrees to undertake the representation. Thus, a lawyer related to another lawyer, e.g., as parent, child, sibling or spouse, ordinarily may not represent a client in a matter where that lawyer is representing another party, unless each client gives informed consent. The disqualification arising from a close family relationship is personal and ordinarily is not imputed to members of firms with whom the lawyers are associated.

Model Rules of Prof'l Conduct r. 1.7 cmt 11 (emphasis added).  Although Dong's attorney would have an actual conflict if her husband were opposing counsel, that conflict is not imputed to other lawyers with whom her husband is associated. Further, beyond empty allegations that trial counsel colluded with the prosecution in an effort to better her husband's career, there is absolutely no evidence or indication to the court of a significant risk that Ms. Parham's representation of Dong was materially limited by her alleged personal interest.  Thus, defendants cannot establish that defense counsel had an actual conflict of interest as required under the Sullivan factors.

### ii.      Other Allegations of Ineffective Assistance

It appears that Dong also argues that trial counsel's performance was deficient in numerous ways, including that:  (1) defense counsel refused to file a motion to review certain documents before trial; (2) defense counsel failed to call defense witnesses or sufficiently examine the witnesses; (3) defense counsel refused to meaningfully cross examine witnesses to disclose alleged perjuries; (4) defense counsel failed to object to admission of certain evidence; and (5) defense counsel refused to subpoena Dr. Norwood to testify.  The court finds that Dong's counsel's performance did not fall below an objective standard of reasonableness, especially in light of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  Rather, Dong's attorney vigorously represented him during the trial notwithstanding his continued insistence on directing the entirety of his defense.

Even assuming that trial counsel's alleged "failures" amount to deficient performance under the first prong of the Strickland test, Dong does not attempt to

demonstrate that defendants were prejudiced by the alleged errors, i.e., that but for the alleged errors, the court would not have found defendants guilty. In light of the overwhelming evidence presented by the government, there is no indication that the court would have acquitted defendants had Dong's attorney objected to certain evidence, more adequately cross examined witnesses, subpoenaed Dr. Norwood to testify, etc. Further, the court allowed Dong—after counsel's cross-examination of the witnesses—to write down questions he desired counsel to ask the witnesses and patiently continued to allow Dong to ask questions via his attorney until he was satisfied.

Because defendants have failed to establish that trial counsel's performance fell below an objective standard of reasonableness, prejudice, or an actual conflict of interest, the court holds that they are not entitled to a new trial based on ineffective assistance of counsel.

### IV.  CONCLUSION

For the reasons set forth above, defendants' motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 and motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) are **DENIED**.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 8, 2015**
**Charleston, South Carolina**